JOSHUA STAPLES *v.* URSIN BOULIGNY.

One who claims to be the owner of property seized and in the hands of an officer of
    the court, must apply, by opposition as a third person, to the court from which the
    order of seizure was issued, directing his proceedings against the party at whose
    suit the seizure was made, and not against the sheriff, who is a mere stake-holder.
    C. P. 397, 398.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Peyton* and *I. W. Smith*, for the appellant.

*Roselius*, for the defendant.

MARTIN, J.   The defendant, sued for the delivery, or the value
of two slaves in his possession, urged as an exception to the
plaintiff's action, that the slaves were committed to his custody
as sheriff of the Criminal Court of the First District, and were
seized by him in his said capacity on a writ of *fi. fa.*, issued by
that court in the suit of *The State* v *William H. Williams.*

The exception was sustained, the court being of opinion that,
from the petition and the document annexed thereto, it is shown
that the slaves are in the custody of the defendant in his offi-
cial capacity, and were so at the time the plaintiff purchased
them ; that they are also in his custody under a writ of *fi. fa.* at
the suit of the State ; and that the plaintiff ought to have pro-
ceeded by an opposition to the sale under the *fi. fa.*, before a
competent tribunal, contradictorily with the plaintiff in the *fi.
fa.*, instead of proceeding against the sheriff, who is without ca-
pacity to discuss the opposition, or defend the rights of the seiz-
ing creditor.   The plaintiff appealed.

By the act of 1805 (B. and C.'s Digest, p. 269, sec. 39), the
lands, tenements, goods and chattels of persons convicted of any
crime, are, from the time of their commitment, bound for the ex-
penses incurred in their prosecution and conviction.   The rec-
ord shows that the slaves were committed as part of a gang in-
troduced into this State contrary to law by William H. Wil-
liams, who was prosecuted and convicted, and are in the de-
fendant's possession under a seizure on a *fi. fa.* issued on the
·judgment pronounced on the indictment of Williams.

The plaintiff claimed them under a sale from the latter, of

the 21st of May, 1841, at which time they were already in the custody of the defendant, a circumstance which is stated in the bill of sale. The record of the prosecution of Williams shows that the true bill was found on the 17th of February, 1841, the verdict on the 1st of May, 1841, and the judgment rendered on the 24th of July, 1841. The sale made between the conviction and the judgment, evidently shows an intention of evading the law. It appears to us that the court did not err, but correctly concluded that, according to articles 397 and 398 of the Code of Practice, a party who claims the ownership of property seized, is bound to apply, by third opposition, to the court from which the order of seizure was issued, and to direct his claim against the party at whose suit the seizure was made, and not against the sheriff, who is a mere stake-holder.

The first judge properly withheld from the plaintiff his assistance in a suit against the sheriff, when the Code of Practice pointed out the mode by which he might obtain justice.

*Judgment affirmed.*